IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BURNETT CUSTOMS LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. _____ |
| BANKERS INSURANCE COMPANY and | § | |
| EBERL CLAIM SERVICES, FKA | § | |
| TRANSCYND CLAIM PARTNERS, | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Bankers Insurance Company ("Bankers") and Eberl Claims Service, LLC, which Plaintiff incorrectly identifies as "Eberl Claim Services, fka Transcynd Claim Partners," ("Eberl") collectively, ("Defendants") file this Notice of Removal and respectfully show the following:

## I.
## BACKGROUND

1. This is a first-party insurance coverage case arising from damage allegedly caused by acts by a contractor hired and employed by Plaintiff. *See* Exh. B-1, *Plaintiff's Original Petition*, filed October 18, 2023 ("Pet.") at 3.

2. On October 18, 2023, Plaintiff, Burnett Customs LLC ("Plaintiff"), filed suit against Bankers and Eberl in Calhoun County, Texas. *Id*.

3. Plaintiff served Bankers through certified mail on its registered agent on October 23, 2023. *See* Exh. B-2. Additionally, Plaintiff served Eberl through certified mail on its registered agent on October 24, 2023, but the return of service has not yet been filed with the court.

4. Defendants timely answered the lawsuit in state court on November 13, 2023. *See* Exh. B-3.

5. Defendants file this notice of removal within 30 days of receiving Plaintiff's initial pleading. *See* 28 U.S.C. § 1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

6. As required by 28 U.S.C. § 1446(a), simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit A is an Index of Matters Being Filed. A copy of the Docket Sheet – Case Information Sheet is attached as Exhibit B. All of the filings from state court are attached as Exhibits B-1 through B-3. List of Counsel and Parties is attached as Exhibit C. Bankers's Election of Legal Responsibility is attached as Exhibit D. A copy of this Notice is also being filed with the state court and served upon Plaintiff.

7. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Victoria County, Texas, the place where the removed action has been pending.

## II.
## BASIS FOR REMOVAL

8. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446. This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**A.** **All of the Parties Are Of Diverse Citizenship**

9. Both at the time this lawsuit was filed and at the time of removal, Plaintiff was organized as an LLC. "[T]he citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Upon information and belief, Robert Glenn Burnett and Robert John Burnett, who are both citizens of

Texas, are Plaintiff's sole members.[1] Accordingly, Plaintiff is a Texas citizen for diversity purposes.

10. Both at the time the lawsuit was originally filed and at the time of removal, Bankers was an insurance corporation organized under the laws of the State of Florida and has its principal place of business in Florida. Accordingly, Bankers is a citizen of the State of Florida for diversity purposes.

11. Both at the time the lawsuit was originally filed and at the time of removal, Eberl was a single-member Missouri LLC. Its sole member is Cor Partners, Inc., which is a Missouri corporation with its principal place of business in Missouri. Accordingly, it is a Missouri citizen for diversity purposes.[2]

12. Because Plaintiff is a citizen of Texas, Bankers is a citizen of Florida, and Eberl is a citizen of Missouri, complete diversity of citizenship exists among the parties.

**B.    The Amount in Controversy Exceeds $75,000.00**

13. This is a civil action in which the amount in controversy exceeds the jurisdictional limits of $75,000.00. In determining the amount in controversy, the Court may consider, "penalties, statutory damages, and punitive damages." *St Paul Reinsurance Co, Ltd v Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v State Farm Lloyds*, No. 3:98-CV-1288-G, 1999 WL 151667, at *2-3 (N.D. Tex. 1999) (finding sufficient amount in controversy in plaintiff's case against the insurer for breach of contract, bad faith, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act and mental anguish). Plaintiff alleges causes of action for breach of contract, violations of Chapter 541 and 542 of the Texas Insurance Code, and breach of

---

[1] Based on documents from the Texas Secretary of State.
[2] Although not an issue here, Defendants also contend that Eberl's citizenship can be disregarded under the Fifth Circuit's recent opinion in *Advanced Indicator and Manufacturing Inc. v. Acadia Ins. Co.*, 50 F.4th 469 (5th Cir. 2022) because Banker's elected legal responsibility for it prior to removal to federal court.

duty of good faith and fair dealing. *See* Exh. B-1, Pet. at 7-9. According to its Petition, "Plaintiff seeks monetary relief in an amount over $250,000.00 but not to exceed $1,000,000.00." *Id.* at 2. Therefore, the total amount in controversy clearly exceeds $75,000.

## III.
## REMOVAL IS PROCEDURALLY CORRECT

14. Plaintiff served Bankers on October 23, 2023 and Eberl on October 24, 2023. Accordingly, Defendants file this Notice of Removal within the thirty-day time period required by 28 U.S.C. § 1446(b).

15. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

16. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court were previously filed with this Court.

17. Pursuant to 28 U.S.C. §1446(d), promptly after Defendants filed this Notice of Removal, written notice was given to Plaintiff, the adverse party.

18. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of Defendants' Notice of Removal will be filed with the clerk in Calhoun County, Texas.

## IV.
## CONCLUSION

Based upon the foregoing, and other documents filed with the prior Notice of Removal, which are incorporated by reference, Defendants hereby remove this case to this court for trial and determination.

Respectfully submitted,

*/s/ Matthew J. Kolodoski*
Matthew J. Kolodoski
Texas Bar No. 24081963
Southern District No. 3137695
mkolodoski@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:    (214) 871-8200
Facsimile:    (214) 871-8209

*And*

Brittney M. Madrigal
Texas Bar No. 24138146
Southern District No. 3863923
bmadrigal@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
10001 Reunion Place, Suite 400
San Antonio, Texas 78216
Phone:        (830) 252-5100
Facsimile:    (214) 871-8209

**COUNSEL FOR DEFENDANTS
BANKERS INSURANCE COMPANY
AND EBERL CLAIMS SERVICE, LLC**

## CERTIFICATE OF SERVICE

  I hereby certify that on November 21, 2023, a true and correct copy of the foregoing instrument was served via the Court's electronic notification system on the following counsel of record:

Kevin S. Baker
Kristen Barnebey
Baker Law
401 S. Austin Street
Rockport, Texas 78382
kevin@ksbakerlaw.com
kristen@ksbakerlaw.com

COUNSEL FOR PLAINTIFF
BURNETT CUSTOMS LLC

                */s/ Brittney M. Madrigal*
                Brittney M. Madrigal